# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>MIGUEL ANGELO MELENDEZ,<br><br>            Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:14CR529DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Miguel Angelo Melendez's Motion to Dismiss the Indictment.   The court held a hearing on the motion on March 12, 2015.  At the hearing, Defendant was present and represented by Kristen Angelos and the United States was represented by Lake Dishman.  Now being fully advised, the court enters the following Memorandum Decision and Order.

Defendant seeks dismissal of the Indictment charging him with a violation of 8 U.S.C. § 1326(a), which makes it a crime for a previously deported or removed alien to be found in the United States. Defendant challenges the validity of the prior deportation order, arguing that it was fundamentally unfair and cannot be the basis for his current charge.

## BACKGROUND

The present case began when a United States Immigration and Customs Enforcement ("ICE") officer encountered Defendant during a routine jail check at the Salt Lake County Adult Detention Complex.  After being read his rights, Defendant consented to answering questions

without an attorney present.  Defendant admitted he is a national and citizen of Mexico by birth, he had previously been removed from the United States, and that he re-entered the United States near El Paso, Texas without inspection by U.S. Immigration officers.  ICE subsequently investigated Defendant's previous removal from the United States and learned that it was on February 4, 2010, and that he never petitioned for permission to re-enter after that removal.

Defendant now seeks to collaterally attack his February 4, 2010 removal as fundamentally unfair.  Defendant states that on January 13, 2010, he was served with a "Notice to Appear" by the Department of Homeland Security for removal proceedings under Section 240 of the Immigration and Nationality Act ("INA").  The Notice to Appear stated that Defendant was charged with being subject to removal from the United States for being an alien present in the United States who had not been admitted or paroled in violation of Section 212(a)(6)(I) of the INA.

On January 27, 2010, Defendant appeared before an immigration judge.  During this proceeding, the immigration judge informed Defendant, with other alleged aliens present, that the hearing was to determine whether Defendant, and others, were removable from the United States and, if removable, if they were entitled to some form of relief under the INA.  The immigration judge then informed Defendant and the other alleged aliens that they had a right to have an attorney represent them, a right to appeal any decision made, and a right to have an evidentiary hearing.

Shortly thereafter, Defendant's case was specifically addressed by the immigration judge.  During this separate hearing, Defendant acknowledged that he had received a copy of the Notice to Appear, he waived his right to an attorney, and he admitted that he was not a citizen of the

2

United States and that he came into the country illegally.  The immigration judge then inquired whether Defendant had a spouse or children in the United States and whether his parents were United States Citizens.  Defendant stated that he was not married, he and his girlfriend had a child on the way, and that his parents were not United States Citizens.  The immigration judge then asked Defendant whether he was afraid to return to Mexico.  Defendant informed the judge that he was not afraid to return to Mexico.

The immigration judge ruled that Defendant was not entitled to any form of relief except voluntary departure.  He explicitly indicated that he did not see any other relief.  As such, the immigration judge did not inform Defendant that he may have relief pursuant to a § 212(h) waiver of the INA.  Then, after hearing evidence regarding Defendant's arrest on possession of a sawed-off shotgun and his prior conviction for possession of drug paraphernalia, the immigration judge denied Defendant voluntary departure.  The immigration judge then asked Defendant if he wanted to appeal.  Defendant responded, "No sir."  The immigration judge then noted that his decision was final and entered his order.

## ANALYSIS

In *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), the United States Supreme Court held that a defendant charged under 8 U.S.C. § 1326 could collaterally challenge the prior deportation hearing and explained that "where a determination made in an administrative proceeding is to play a central role in the subsequent imposition of a criminal sanction, there must be some meaningful review of the administrative proceeding." *Id.* at 837-38.  Based on the facts of the case, the Court decided that "[b]ecause respondents were deprived of their rights to appeal, and of any basis to appeal since the only relief for which they would have been eligible

was not adequately explained to them, the deportation proceeding in which these events occurred may not be used to support a criminal conviction." *Id.* at 834.

In response to the holding in *Mendoza-Lopez*, Congress amended 8 U.S.C. § 1326 to explicitly provide a three-part test for when a defendant can collaterally challenge a prior deportation in a § 1326 prosecution. Under 8 U.S.C. § 1326(d)(1)-(3), a defendant-alien "may not challenge the validity of the deportation order" during a prosecution for illegal reentry unless the alien can demonstrate all of the following:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d)(1)-(3). A final deportation order enjoys a presumption of regularity, and the defendant-alien has the burden to prove each of the § 1326(d) elements to overcome the presumed legality of the deportation order. *United States v. Arevalo-Tavares*, 210 F.3d 1198, 1200 (10th Cir. 2000).

However, Defendant argues that the immigration judge mistakenly concluded that Defendant was not entitled to a § 212(h) waiver and, thus, misinformed Defendant of the available relief. Section 212(h) of the INA can provide a discretionary waiver which acts as a defense in removal proceedings. Specifically, § 212(h) can waive inadmissibility if a defendant has only a single controlled substance conviction of simple possession of 30 grams or less of marijuana and the defendant is a spouse, parent, son, or daughter of a United States citizen or

permanent resident who will face extreme hardship if the applicant is removed. INA § 212(h); 8 U.S.C. § 1182(h).

Defendant told the immigration judge that his parents were not citizens, he was not married, and his child was "on the way." An unborn child cannot qualify as a U.S. citizen because citizenship is conferred only by birth or naturalization, neither of which can happen before the actual birth. Defendant cannot cite to any case law supporting the position that an unborn child can qualify as a citizen and was, in fact, required to concede that the only case on the issue states that an unborn child does not qualify. The immigration judge sought the relevant information from Defendant concerning the applicability of a waiver and Defendant provided the immigration judge with no information demonstrating that Defendant would qualify for a waiver. Defendant, therefore, did not qualify for a § 212(h) waiver.

### B. § 1326(d) Factors

Even if Defendant had qualified for a § 212(h) waiver, Defendant has not demonstrated that the prior deportation proceedings were fundamentally unfair under the § 1326(d) factors.

In the Tenth Circuit, several cases hold that a defendant-alien has "no constitutional right to be informed of the existence of discretionary relief for which [he] might be eligible" and a defendant-alien can knowingly waive the right to appeal an immigration judge's order of deportation even when the immigration judge fails to advise the defendant-alien of the existence of discretionary relief. *United States v. Aguirre-Tello*, 353 F.3d 1199, 1204 (10th Cir. 2004); *United States v. Chavez-Alonso*, 431 F.3d 726, 728 (10th Cir. 2005); *United States v. Cabrera*, 571 Fed. Appx. 713, 717-18 (10th Cir. 2014).

In this case, the immigration judge informed Defendant of his right to appeal his removal

5

order and Defendant waived his right to appeal.  Defendant concedes that when the immigration judge asked whether he wanted to appeal, he responded, "No sir."  Defendant cannot claim that his voluntary waiver of appeal was based on constitutionally relevant misinformation or fundamentally unfair.  Defendant's waiver of his right to appeal stands.  Thus, Defendant has not exhausted his administrative remedies and cannot collaterally attack his prior deportation.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss the Indictment is DENIED.

DATED this 12th day of March, 2015.

BY THE COURT:

DALE A. KIMBALL
United States District Judge